### THE STATE BANK v. BRACKENRIDGE.

The state bank can be the owner of real estate only in a few cases, which are enumerated in its charter.

Any property of the bank, whether it be land, or promissory notes, or specie, which it acquires and holds under the authority of the charter, is part of its capital stock.

The property of the bank subject to an *ad valorem* tax, is such portion of the individual stock as has been paid in, and on account of which the stockholders are not indebted to the state.

The real estate of the bank, acquired and held under its charter, is exempt, as such estate, from taxation.

If real estate, exempt from taxation, be assessed for taxes, the levying thereof by the collector cannot be justified under the duplicate and precept.

ERROR to the *Allen* Circuit Court.

BLACKFORD, J.—This was an action of trover brought by the state bank for a box of silver coin, containing 92 dollars. Plea, not guilty. The cause was submitted to the Court, and judgment rendered for the defendant.

The following are the facts:

The defendant, in 1841, was the county treasurer and collector of *Allen* county; and, as such collector, had legally in his possession the duplicate of the assessment of taxes in said county for that year, for state, county, and road purposes,

May Term, 1845.

THE STATE BANK v. BRACKEN- RIDGE.

with the proper precept commanding him to collect said taxes.

A tax was assessed, named, and charged in said duplicate, against the state bank on the following property for said year, viz., a tract of 50 acres of land of sections one and twelve in township 30, range 12, which was owned by the bank in fee-simple, having been conveyed to it by a certain person in payment of a debt due the bank, on which the sum of 12 dollars was assessed as a tax for state, county, and road purposes, and also lots numbered 83 and 84 in the town of *Fort Wayne*, held by said bank in fee-simple, on which the banking-house stands, and on which the sum of 80 dollars was assessed as taxes for state, county, and road purposes; all which taxes amounted to 92 dollars.

The lots numbered 83 and 84 had been purchased by the branch at *Fort Wayne*, under a provision of the charter; on one of which lots the banking-house stands; and on the other, which is an adjoining lot, the well and some out buildings are situate; the two lots being, in the opinion of the board of directors, required by the branch "for its immediate accommodation in the convenient transaction of its business." These two lots and the banking-house were paid for out of the capital stock of said branch.

At the time of said assessment in 1841, the capital stock of said branch was 160,000 dollars; of which the state owned 80,000 dollars; of the balance, 36,937 dollars and 50 cents were advanced to the stockholders by the state; leaving 43,062 dollars and 50 cents, paid in by individuals. There was in that year deducted from the dividends, and retained in bank, the sum of 200 dollars for school purposes; and the further sum of 236 dollars and 84 cents, was deducted from the dividends and retained from the stockholders, that being the amount of the general assessment on the stock under the law then in force.

There are two questions presented by this case for our consideration: *First*, Was the above-named real estate, or any part of it, liable to the assessment and tax referred to in the record? *Secondly*, If not, were the duplicate and precept a justification for the defendant, in taking the specie mentioned in the declaration?

The first question must be answered in the negative. The

bank can be the owner of real estate only in a few cases
which are enumerated in the charter; and any such estate
that it may thus own, must, we think, be a part of its capital
stock.  Any property of the company, whether it be land, or
promissory notes, or specie, which they acquire and hold un-
der the authority of their charter, is a part of their stock;
and there is a provision in the charter respecting its taxation.
The substance of the provision is this: There is to be annu-
ally deducted from the dividends on each share of individual
stock, without regard to the amount paid, twelve and a half
cents for purposes of education; and there may be, in addi-
tion, an *ad valorem* tax on so much of that individual stock,
as has been paid in without borrowing from the state; the
amount so reserved and the *ad valorem* tax together, how-
ever, must not exceed one *per cent.* on the amount so paid.
In the case before us, the branch appears to have pursued the
proper course as to the sum reserved for education, and as to
the *ad valorem* tax for the year 1841.  The capital stock in
the branch, subject to the *ad valorem* tax of that year, was
43,062 dollars and 50 cents; that being the amount paid in
as aforesaid by the individual stockholders.  There could not,
under the charter, be any assessment of an *ad valorem* tax
on any other of the joint property of the branch, or, which is
the same thing, on any other of its capital stock, than the
sum last named.  The real estate described in the record,
was such as the branch had a right, by the 6th section of the
charter, to purchase.  A part of it was required "for its im-
mediate accommodation in the convenient transaction of its
business;" and the residue had been taken in payment of a
debt.  It was all, therefore, according to our construction of
the charter, exempt, as real estate, from taxation.

The second question to be considered is, were the duplicate
and precept a justification for the defendant, notwithstanding
the illegality of the assessment?

This question must also be answered in the negative.  The
tribunal from which the duplicate issued had but a limited
jurisdiction; and its determination relative to the assessment
of these lands, to which its jurisdiction did not extend, was
*coram non judice.*  It was shown, too, on the face of the du-
plicate, that the property belonged to the bank, and was con-
sequently exempt from the assessment.  The charter, under

May Term, 1845.

which the exemption is claimed, has a provision declaring it a public act, and all persons are bound to take notice of it. It follows, that the duplicate and precept relied on by the defendant, were no justification for the act for which this suit is brought.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. L. Jernegan*, for the plaintiff.

*R. Brackenridge*, for the defendant.